CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
MAY 27 2008
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 4:02cr70128-1 |
| | ) | |
| v. | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| WILLIAM FRANKLIN SEHEN | ) | By: Hon. Norman K. Moon |
| | ) | United States District Judge |

Petitioner, William Franklin Sehen, filed this 28 U.S.C. § 2255 motion challenging the validity of his sentence and conviction for possessing with the intent to distribute five grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Sehen claims that his sentence is unreasonable and was improperly enhanced. The court finds that Sehen's claims regarding the reasonableness of his sentence and the enhancement of his sentence for obstruction of justice have no merit, and his claim regarding the enhancement of his sentence for possessing a dangerous weapon has already been addressed by the Court of Appeals for the Fourth Circuit. Accordingly, the court dismisses his § 2255 motion.[1]

### I.

On February 21, 2003, a jury in the Western District of Virginia found Sehen guilty of possessing with the intent to distribute five grams or more of methamphetamine. On May 27, 2003, the court sentenced Sehen to 121 months incarceration.[2] Sehen appealed his conviction and

---

[1] In his memorandum in support of his § 2255 motion, Sehen also argues that the undersigned should recuse himself from this proceeding, pursuant to 28 U.S.C. § 455. In support of this argument, Sehen states that the "sentencing judge could . . . be influenced inadvertently by his prior decision and his interpretation of the laws at the time the decision was rendered." A judge should disqualify himself in any proceeding in which his impartiality might reasonably be questioned. See 28 U.S.C. § 455. Disqualification is required under § 455 if a reasonable factual basis exists for doubting the judge's impartiality. See United States v. Glick, 946 F.2d 335, 336-37 (4th Cir. 1991). A judge is not disqualified because of familiarity with the facts of a case stemming from his judicial conduct in presiding over an earlier proceeding. The nature of the bias must be personal rather than judicial. See In re Beard, 811 F.2d 818, 827 (4th Cir. 1987). In this case, Sehen does not allege any personal bias and, therefore, the court denies his request for recusal.

[2] After Sehen's jury trial, the court order a presentence report ("PSR"). The PSR calculated Sehen's base offense level to be 26 and added a two-point enhancement, pursuant to USSG § 2D1.1(b)(1) (2002), for possession of a dangerous weapon, and a two-point enhancement, pursuant to USSG § 3C1.1 (2002), for obstruction of justice,

sentence and, on August 8, 2005, the Court of Appeals for the Fourth Circuit affirmed his conviction, vacated his sentence, and remanded for further proceedings consistent with <u>United States v. Booker</u>, 543 U.S. 220 (2005). See <u>United States v. Sehen</u>, No. 03-4487 (4th Cir. 2005). On remand, the court resentenced Sehen to an identical term of 121 months incarceration. Sehen again appealed, arguing that this court's application of a sentencing enhancement for possession of a dangerous weapon in connection with a drug offense, pursuant to <u>U.S. Sentencing Guidelines Manual</u> ("USSG") § 2D1.1(b)(1) (2002), was clearly erroneous and that this court did not sufficiently articulate its consideration of the sentencing factors listed in 18 U.S.C. § 3553(a). The Fourth Circuit determined that this court's application of the sentencing enhancement was not clearly erroneous and that his claim regarding the court's articulation of § 3553(a) factors had no merit. Accordingly, on July 31, 2006, the Fourth Circuit affirmed the court's judgment. See <u>United States v. Sehen</u>, No. 05-5102 (4th Cir. 2006).

In his instant § 2255 motion, Sehen argues that his sentence is unreasonable and that it was improperly enhanced.

## II.

Sehen's allegation that the court imposed an "unreasonable sentence" has no merit. The statutory provisions regarding Sehen's offense set a mandatory minimum term of 5 years and a maximum term of 40 years incarceration. See 21 U.S.C. § 841(b)(1)(B). Furthermore, based on Sehen's total offense level of 30 and criminal history category of I, the guideline range for imprisonment in his case was 97 to 121 months. USSG, ch. 5, pt. A (2002). Accordingly, Sehen's sentence was well within the statutory provisions and the U.S. Sentencing Guidelines range.

---

resulting in a total offense level of 30. Based on his total offense level of 30 and criminal history category of I, the PSR determined Sehen's guideline range to be 97 to 121 months.

2

Therefore, the court finds that Sehen's claim that his sentence was unreasonable has no merit.

### III.

Next, Sehen alleges that the court improperly enhanced his sentence for possession of a dangerous weapon, in violation of Booker. The court gave Sehen a two-point enhancement for possession of a dangerous weapon based on Sehen's acknowledged ownership of two rifles, a shotgun, a flare gun, and a pistol which were found during a search of Sehen's residence and vehicle parked in his driveway. In a § 2255 motion, a petitioner may not relitigate a claim which the Court of Appeals has already fully considered and decided on direct appeal. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976). Having reviewed Sehen's current claim, the court finds it indistinguishable from the one already addressed by the Fourth Circuit as part of Sehen's appeal and, therefore, the court will not address it as part of Sehen's § 2255 motion.

### IV.

Finally, Sehen argues that the court improperly enhanced his sentence by two points for obstruction of justice. The court based this enhancement on Sehen's testimony at trial, in which he stated that he did not sell or use methamphetamine. The court considered his statements to be willful false testimony concerning a material fact. A sentence does not violate the Sixth Amendment for being based in part on judge-found facts unless those facts result in a sentence that is above the statutory maximum. United States v. Hughes, 401 F.3d 540, 546-47, 552-53 (4th Cir. 2005); see also Blakely v. Washington, 542 U.S. 296, 303-04 (2004) (holding that the "statutory maximum" for Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant, not the maximum sentence a judge may impose after finding additional facts). As previously noted, a jury determined that Sehen was guilty of possessing with the intent to distribute

five grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), which carries a maximum term of imprisonment of 40 years. See 21 U.S.C. § 841(b)(1)(B). Since Sehen's sentence of 121 months is well below the maximum term, the court did not exceed its proper authority in imposing his sentence. See United States v. Green, 163 F. App'x 221, 223 (4th Cir. 2006) (finding that Booker held only that uncharged facts cannot be used to support a sentence exceeding the statutory maximum, not that a sentencing judge may not use uncharged facts to enhance the defendant's sentence within the statutory range; Booker obviously contemplates that sentencing judges can, consistent with the Sixth Amendment, rely on uncharged facts in determining an appropriate sentence within the statutory range); United States v. Evans, 416 F.3d 298 (4th Cir. 2005) (finding that to establish that a Sixth Amendment error occurred in sentencing, a defendant must show that the district court imposed a sentence exceeding the maximum allowed based only on the facts that he admitted, or on facts proven to a jury beyond a reasonable doubt); United States v. Hammoud, 381 F.3d 316 (4th Cir. 2004), vacated on other grounds by 543 U.S. 1097 (2005) (finding that Apprendi only applies when an imposed sentence exceeds the maximum authorized by the statute); Williams v. United States, No. 2:04cv129, 2006 U.S. Dist. LEXIS 76011, 2006 WL 2993062, *13 (E.D. Va. Oct. 19, 2006), appeal dismissed by 218 F. App'x. 223 (4th Cir. 2007) (finding that the trial court's application of enhancements for obstruction of justice was not an Apprendi or Blakely violation because petitioner's sentence was within the relevant statutory maximums); see also United States v. Jiminez, 498 F.3d 82 (1st Cir. 2007) (holding that an Apprendi error arises only if the defendant receives a sentence beyond the default statutory maximum for the offense of conviction); United States v. Diesel, 238 F. App'x 398 (10th Cir. 2007) (holding that district courts may make factual findings and enhance sentences within the statutory range prescribed for the conduct found by the jury); United States v. Vaughn, 430 F.3d 518 (2d Cir.

4

2005) (finding that elements of an offense must be tried to a jury, but facts relevant to sentencing may be found by a judge, within the constraints of the Sixth Amendment).³

## V.

For the foregoing reasons, the court dismisses Sehen's §2255 motion.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to the petitioner.

ENTER: This 27th day of May, 2008.

United States District Judge

---

³Moreover, Sehen's claim is also procedurally defaulted. The Supreme Court has noted that "habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998). Claims that could have been, but were not, raised on direct appeal are procedurally defaulted. Id. In the instant case, although Sehen did bring an appeal, he did not raise this issue in his appeal. Therefore, the court finds that this claim is procedurally defaulted.

However, there are two instances when a procedurally defaulted claim may be considered on collateral review. First, a defaulted claim may be raised in a § 2255 proceeding if the petitioner demonstrates both cause for the default and actual prejudice from the failure to review the claim. Bousely, 523 U.S. at 622; United States v. Frady, 456 U.S. 152, 170 (1972); Wainwright v. Sykes, 433 U.S. 72, 84 (1977); United States v. Mikalajunas, 186 F.3d 490, 492-95 (4th Cir. 1999); United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994). To establish cause, Sehen must point to some objective factor beyond the defendant's control that impeded or prevented him from presenting his claim. Coleman v. Thompson, 501 U.S. 722, 753 (1991). Objective factors that may constitute "cause" include: (1) interference by officials that makes compliance impracticable; (2) a showing that the factual or legal basis for a claim was not reasonably available; (3) novelty of the claim; and (4) constitutionally ineffective assistance of counsel. Wright v. Angelone, 151 F.3d 151, 160 n.5 (4th Cir. 1998) (quoting McCleskey v. Zant, 49 U.S. 467, 493-94 (1991)). To show prejudice, Sehen must demonstrate "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." McCarver v. Lee, 221 F.3d 583, 892 (4th Cir. 2000) (quoting United States v. Frady, 456 U.S. 152, 170 (1972)).

In the alternative, a defaulted claim may be raised if the petitioner can demonstrate that he is actually innocent. Schlup v. Delo, 513 U.S. 298, 321 (1995); Mikalajunas, 186 F.3d at 493. In the instant case, Sehen does not allege that he actually innocent of the crime of which he was convicted, and he has offered no explanation to show cause to excuse his default. Accordingly, the court finds that his claim is also procedurally defaulted.